OPINION
Appellant, Amanda Lee Victor, appeals from the November 20, 2000 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, which determined her visitation rights.
Appellant and appellee, Joshua A. Miller, are the parents of Kyle Miller ("Kyle"), who was born on March 21, 1994. On July 30, 1996, appellant filed a complaint for custody of Kyle and for child support. Pursuant to a magistrate's decision filed on May 28, 1997, appellant was awarded custody. The trial court adopted this decision on July 7, 1997. On October 3, 1997, an agreed judgment entry was filed in the Juvenile Division of the Lake County Common Pleas Court, in which appellant was ordered that she "not permanently move from Lake County or the 3 contiguous counties without obtaining prior Leave of Court."[1]
On May 4, 1998, appellant filed a motion to remove Kyle from Lake County to Tarpon Springs, Florida. Appellee filed a motion in opposition on May 13, 1998. On June 16, 1998, the trial court filed a temporary order restraining and enjoining appellant from removing Kyle from Ashtabula, Geauga, Lake, or Cuyahoga counties. On that same date, appellee filed a motion for temporary custody of Kyle. He then filed a motion to modify allocation of parental rights and responsibilities on June 18, 1998. In that motion, he specifically requested that he be awarded custody of Kyle. The motion was premised on appellee's allegations that appellant had interfered with appellee's visitation rights. An emergency hearing on appellee's motion for custody was scheduled for June 23, 1998.
Appellant did not appear at the June 23 hearing, and appellee was awarded temporary residential placement and legal custody of Kyle. On June 27, 1998, in violation of the trial court's June 16 restraining order, appellant removed Kyle to Florida. Appellee retrieved Kyle from Florida on June 29, 1998.
A hearing was conducted on September 23 and 24, 1998, on all pending motions, including appellant's May 4, 1998 motion to remove Kyle to Florida, and appellee's June 18, 1998 motion for custody. Appellee's motion for custody was granted by a November 2, 1998 magistrate's decision. In the same decision, appellant's motion to relocate was denied. The trial court adopted this decision in a November 4, 1999 judgment entry. The magistrate issued a further decision on June 13, 2000, determining appellant's visitation schedule and the amount of child support due. Appellant filed objections to the June 13 decision on August 8, 2000. The trial court affirmed the decision in its November 20, 2000 judgment entry.
Appellant is appealing from the November 20, 2000 judgment entry and has made the following assignments of error:
 "[1.] Whether the trial court abused its discretion in denying [appellant's] motion to relocate.
 "[2.] Whether the trial court abused its discretion granting [appellee's] motion to modify allocation of parental rights and responsibilities.
 "[3.] Whether the trial court abused its discretion in denying mother's proposed visitation schedule and child support order."
In her first assignment of error, appellant contends that the trial court abused its discretion in denying her motion to relocate. "Whether a motion to relocate will be granted turns on whether the relocation is in the best interest of the [child]." Rozborski v. Rozborski (1996),116 Ohio App.3d 29, 31. The moving party bears the burden of establishing that the relocation is in the child's best interest. Id. As stated previously, appellant had been ordered by the trial court not to permanently move from northeast Ohio without first obtaining the court's permission. R.C. 3109.051(G) governs the procedure to be followed when a custodial parent files a notice of intent to relocate in the absence of either a court order, which imposes a restrictive condition whereby the trial court retains jurisdiction to review a prospective request for relocation, or a separate agreement controlling relocation that has been adopted by the trial court. See Kassavei v. Hosseinipour (June 2, 2001), Trumbull App. No. 2000-T-0132, unreported, 2001 WL 589392, at 1. Therefore, appellant's motion to relocate does not fall within the purview of R.C. 3109.051(G).
Here, the magistrate found that relocation to Florida would disrupt or terminate Kyle's familial ties in Ohio. He further found that appellant's plans regarding childcare, employment, and living arrangements were speculative. Finally, he noted that Kyle's guardian ad litem was of the opinion that the relocation would not be in Kyle's best interest. From those facts, the magistrate concluded that the proposed relocation was not in Kyle's best interest.
In her brief, appellant suggests that her childcare and housing arrangements, as well as her employment opportunities were not as speculative as the magistrate suggested in his decision. However, she fails to address the issue of the potential termination of familial ties between Kyle and appellee's family in Ohio. The magistrate noted in his November 2, 1998 decision that appellant "has proved time and again that she will not honor and facilitate visitation with either [appellee] or the paternal grandparents." Consequently, the magistrate's concern about the deleterious effect that the relocation would have on Kyle's relationship with appellee and appellee's family was not inappropriate. Therefore, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision that appellant's relocation to Florida would not be in Kyle's best interest. Appellant's first assignment of error is without merit.
Appellant's second assignment of error challenges the trial court's decision to grant appellee custody. R.C. 3109.04(E)(1)(a), which governs motions to modify prior decrees allocating parental rights and responsibilities, states that:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [his] residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
This court has stated that "[i]n order for a trial court to modify a prior child custody decree, therefore, the party requesting the modification must demonstrate the following: (1) a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree; (2) the requested modification is necessary to serve the best interest of the child; and (3) one of the three scenarios described in R.C. 3109.04(E)(1)(a)(i) through (iii) is applicable." Rowe v. Rowe (Dec. 17, 1999), Lake App. Nos. 98-L-163 and 98-L-073, unreported, 1999 WL 1313628, at 2.
The trial court, in its November 4, 1999 judgment entry awarding custody to appellee, adopted the findings contained in the magistrate's decision of November 2, 1998. In that decision, the magistrate found, pursuant to R.C. 3109.04(E)(1)(a), that a change of circumstances had occurred since the trial court's order of July 7, 1997, naming appellant as the residential parent. The magistrate noted that appellant had continually and willfully denied appellee visitation; appellant had left the jurisdiction with the child; appellee was the current residential parent pursuant to a court order granting appellee an emergency allocation of parental rights; a close father-son relationship had developed between appellee and Kyle; and a close grandparent-child relationship had developed between appellee's mother and Kyle.
The magistrate further found that the best interests of the child would be served by awarding custody to appellee because he was "without doubt the parent more likely to honor and facilitate visitation and companionship rights" and, in fact, had done so during the period when he had temporary custody of Kyle. The magistrate characterized appellant as a controller of visitation as opposed to a facilitator.
Finally, the magistrate found that the advantages to the child of a change of environment outweighed the harm likely to be caused by such a change. The magistrate noted that appellee's mother was much more involved in raising Kyle than was appellant's mother, and that when Kyle was at appellant's home, appellant's younger sibling cared for the child while appellant was at work. Consequently, the magistrate concluded that appellee's arrangements for caring for the child were superior to those of appellant. The magistrate also found that, while she had custody of Kyle, appellant had flouted the court's visitation orders to the detriment of the child.
The magistrate's decision in this matter was thorough, well reasoned, fully comported with the mandate of R.C. 3109.04(E)(1)(a), and was supported by competent and credible evidence. Therefore, we conclude that there is no merit to appellant's contention in her second assignment of error that the trial court erred in adopting that decision.
In her third assignment of error, appellant contends that the trial court erred when it imposed a new visitation schedule in its October 10, 2000 judgment entry. A trial court has broad discretion to modify visitation rights. Holz v. Holz (Nov. 16, 2001), Ashtabula App. No. 2001-A-0003, unreported, 2001 WL 1453900, at 4. This discretion must be exercised so as to protect the best interests of the child. Id. The modification of visitation rights is governed by R.C. 3109.051. Braatzv. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus.
R.C. 3109.051(D) sets forth fifteen factors to be considered by a trial court in determining visitation matters, including, but not limited to: the interaction of the child with his parents and siblings; the distance between the parents' residences; the child's and parents' available time; the age of the child; the child's adjustment to home, school, and community; the health and safety of the child; the amount of time the child can spend with siblings; the mental and physical health of all parties; and, each parent's willingness to facilitate the other parent's parenting time rights.
Here, the court carefully weighed these factors and made the following findings: Kyle had adequate relationships with his parents and siblings; his parents lived in geographical proximity to each other; appellee or his fiancée could be home in the afternoon to care for Kyle and, as the custodial parent, it was important that appellee have control over school matters; Kyle, at the time of the judgment entry, was six years old and had no health or safety problems; the revised visitation schedule would allow Kyle to spend more time with his siblings; and, appellee, as custodial parent, had not denied appellant visitation. At the crux of the trial court's decision was its finding that it would be in Kyle's best interests if the visitation schedule were modified as he entered the first grade so that appellee, as custodial parent, would provide more supervision over school related issues.
Our review of the trial court's judgment entry indicates that the trial court fully and judiciously reviewed the visitation schedule and complied with the requirements of R.C. 3109.051(D) in ordering that it be modified. Further, the trial court's findings were supported by sufficient competent and credible evidence. With respect to the issue of the child support order, appellant has not identified any error on the part of the trial court. Therefore, appellant's third assignment of error is without merit.For the foregoing reasons, the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
O'NEILL, P.J., NADER, J., concur.
[1] This case was subsequently transferred from Judge Weaver of the Juvenile Division to Judge Bruening of the Domestic Relations Division pursuant to an agreement of the parties filed on July 27, 1998.